IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1999 SESSION

FILED

June 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9802-CR-00075 |
| Appellee, | ) | |
| | ) | HAMILTON COUNTY |
| VS. | ) | |
| | ) | HON. REBECCA J. STERN, |
| GUY BINETTE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |

**DISSENTING OPINION**

I must dissent from the holding of the Court that the minor swerving of the appellant's vehicle within his own lane of traffic provides a sufficient basis for a police stop of that vehicle. It is true that this Court has in the past upheld vehicle stops by police where erratic driving occurs in the driver's lane of traffic; however in all these cases erratic "in lane" driving was extreme or accompanied by additional circumstances warranting police investigation. *See, e.g.,* State v. Stuart Allen Jenkins, C.C.A. No. 01C01-9712-CR-00590, 1998 Tenn. Crim. App. LEXIS 1304, Putnam County (Tenn. Crim. App. filed December 21, 1998, at Nashville) (Officer had information from motorist and dispatcher that defendant was a possible D.U.I., coupled with personal observation of excessive weaving in defendant's own lane); State v. George Wesley Harvill, Jr., C.C.A. No. 01C01-9607-CC-00300, 1997 Tenn. Crim. App. LEXIS 1067, Sequatchie County (Tenn. Crim. App. filed october 24, 1997, at Nashville) (defendant made overly wide turn into oncoming traffic causing other motorist to respond by blowing horn, coupled with "riding" of center lane and excessive weaving within defendant's own lane); State v. Randall L. McFarlin, C.C.A.

No. 01C01-9406-PB-00202, 1995 Tenn. Crim. App. LEXIS 476, Davidson County (Tenn. Crim. App. filed June 13, 1995, at Nashville) (In addition to excessive weaving in defendant's own lane of traffic, defendant crossed the center and at time ran into the gravel on the shoulders of the road. Defendant also ran over curb in attempting to execute a turn.)

In the case sub judice the majority admits, and I agree, that the videotape reveals that while the appellant did swerve somewhat in his own lane, the weaving was not exaggerated. Further, it does not appear that the appellant ever crossed the center lane.

Thus, while the appellant's driving is not perfect, it is not so erratic that standing alone it furnishes a sufficient basis for a police stop.[1]

Recently our State Supreme Court held that even the most minor traffic offense may serve as a pretext to stop motorists who police suspect of more serious criminal activity, but for which evidence of the more serious crime is lacking. *See,* State v. Vineyard, 958 S.W.2d 730 (Tenn. 1997). If the majority is correct, minor flaws in driving even though they do not rise to the level of an offense may, when observed by police, serve as the basis for an investigatory stop. Thus, it appears that only perfect driving will assure travel on our roadways without the possibility of police detention. However, common sense tells us that no driver is a perfect driver; we all make innocent driving errors that, although not traffic offenses, may not

---

[1]The majority notes and I again agree that, had the arresting officer testified at the suppression hearing, as he stated on the videotape, that the appellant was speeding and the trial court had found the officer credible, a sufficient basis to stop the appellant would have been established. However, the officer did not testify as to the appellant's speed, and we are left with the appellant's testimony that he was not speeding as the only evidence on this point.

subject us to a police stop.[2]    At a minimum when innocent driving errors are the sole basis for the police stop I would require such errors to be exaggerated or excessive before finding that a reasonable suspicion of criminal activity exists which warrants a stop of the vehicle.  In this case both the majority and myself agree that the appellant's flawed driving does not reach such an exaggerated or excessive level.  For this reason I dissent and would hold that the stop of the appellant's vehicle was constitutionally impermissible under the circumstances presented in this record. (See F.N.1).   Therefore all evidence resulting from the stop should, in my opinion, be suppressed.

_____
JERRY L. SMITH, JUDGE

---

[2]In essence the majority opinion creates a "stop at will" standard for police since it is the rare motorist indeed who can travel for several miles without occasionally varying speed unnecessarily, moving laterally from time to time in the motorists own lane, nearing the center line or shoulder or exhibiting some small imperfection in his or her driving.